Kenneth J. Katz
KATZ MELINGER PLLC
137 Fifth Avenue, 11th Floor
New York, New York 10010
Telephone: (212)460-0047
Facsimile: (212)428-6811
*Counsel for Plaintiffs*

CV 13-5453

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VIJAY BEDASIE and RUDDY DIAZ,

                      Plaintiffs,

-against-

MR. Z TOWING, INC., FRANK ANDRIOPOULOS,
and HELEN MUSTAKAS.

                      Defendants.

---

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED

AMON, CH.J.

GO, M.J.

Plaintiffs, Vijay Bedasie (Bedasie) and Ruddy Diaz (Diaz)(collectively, Plaintiffs), by their attorneys, Katz Melinger PLLC, complaining of the defendants, respectfully allege as follows:

1. Plaintiff, Vijay Bedasie, is an individual residing in the state of New York, who at all relevant times transacted business in New York.

2. Plaintiff, Ruddy Diaz, is an individual residing in the state of New York, who at all relevant times transacted business in New York.

3. Defendant, Mr. Z Towing, Inc. (Mr. Z), was, and still is, a corporation incorporated under the laws of the State of New York.

4. At all relevant times Mr. Z. was engaged in interstate commerce.

5. On information and belief, at all relevant times Mr. Z's annual sales exceeded $500,000 a year.

6. Defendant, Frank Andriopoulos (Andriopoulos), is an individual residing in the state of New York, who at all times transacted business in New York.

7. Defendant, Helen Mustakas (Mustakas), is an individual residing in the state of New York, who at all times transacted business in New York.

8. Upon information and belief, at all relevant times Andriopoulos was an officer, shareholder, director, and/or person in control of Mr. Z.

9. Upon information and belief, at all relevant times Mustakas was an officer, shareholder, director, and/or person in control of Mr. Z.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.* ("FLSA").

11. This Court has supplemental jurisdiction of the claim arising under the New York Labor Laws Section 160 *et seq.* ("NYLL") pursuant to 28 U.S.C. §1367, in that the New York State law claim is so closely related to Plaintiff's FLSA claim as to form the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts business within this judicial district.

## RELEVANT FACTS

**Plaintiff Bedasie**

11. From on or around January 1, 2008 through June 24, 2012 Bedasie was employed by Mr. Z.

12. Bedasie's job responsibilities provided that he was to locate cars with outstanding parking violations and 'tag' them so that they could be towed away by Mr. Z under the supervision of the NYC City Marshal's Office who would pay Mr. Z for locating and towing the vehicle.

13. During Bedasie's employment at Mr. Z, he worked fifty (50) weeks in each calendar year, and worked fifty (50) or sixty (60) hours each week.

14. Bedasie would work two (2) fifteen (15) hour shifts per week and either two (2) or three (3) ten (10) hour shifts per week.

15. During Bedasie's employment at Mr. Z, he was paid $250.00 per week in wages from 2008 through 2010 and then $350.00 per week in wages from 2011 through 2012.

16. Bedasie received commissions for each car that he 'tagged' but was paid less than the minimum wage.

17. From January 1, 2008 through June 24, 2012, Bedasie was an employee of Defendants and entitled to receive minimum wage.

18. From January 1, 2008 through June 24, 2012 Mr. Z failed to pay Bedasie the required minimum hourly wage.

19. From January 1, 2008 through June 24, 2012 Bedasie was entitled to receive overtime wages for each hour he worked in excess of forty (40) hours in a week.

20. From January 1, 2008 through June 24, 2012 Mr. Z failed to pay Bedasie overtime for each hour he worked in excess of forty (40) hours in a week.

21. From January 1, 2008 through June 24, 2012 Bedasie was entitled to receive an additional hour of pay at the minimum wage for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

22. From January 1, 2008 through June 24, 2012 Mr. Z failed to pay Bedasie an additional hour of pay at the minimum wage for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

23. From January 1, 2008 through June 24, 2012 Mr. Z failed to reimburse Bedasie for expenses, including but not limited to gasoline and travel expenses.

24. From its effective date of April 9, 2011 through June 24, 2012, the Wage Theft prevention Act required Mr. Z. to provide Bedasie with notice of specified payroll data at each time wages were paid.

25. From April 9, 2011 through June 24, 2012, Mr. Z. failed to provide Bedasie with notice of specified payroll data at each time wages were paid.

**Plaintiff Diaz**

26. From on or around January 1, 2009 through May 13, 2013 Diaz was employed by Mr. Z.

27. Diaz's job responsibilities provided that he was to locate cars with outstanding parking violations and 'tag' them so that they could towed away by Mr. Z under the supervision of the NYC City Marshal's Office who would pay Mr. Z for locating and towing the vehicle.

28. During Diaz's employment at Mr. Z he worked fifty (50) weeks in each calendar year and worked fifty (50) hours each week.

29. Diaz would work two (2) fifteen (15) hour shifts and two (2) ten (10) hour shifts per week.

30. During Diaz' employment at Mr. Z, he was paid $0.00 per week in wages.

31. Diaz received commissions for each car that he 'tagged' but was not paid any wages.

32. From January 1, 2008 through May 15, 2013 Diaz was an employee of Defendants and entitled to receive minimum wage.

33. From January 1, 2008 through May 15, 2013 Mr. Z failed to pay Diaz the required minimum hourly wage.

34. From January 1, 2008 through May 15, 2013 Diaz was entitled to receive overtime wages for each hour he worked in excess of forty (40) hours in a week.

35. From January 1, 2008 through May 15, 2013 Mr. Z failed to pay Diaz overtime for each hour he worked in excess of forty (40) hours in a week.

36. From January 1, 2008 through May 15, 2013 Diaz was entitled to receive an additional hour of pay at the minimum wage for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

37. From January 1, 2008 through May 15, 2013 Mr. Z failed to pay Diaz an additional hour of pay at the minimum wage for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

38. From January 1, 2008 through May 15, 2013 Mr. Z failed to reimburse Diaz for expenses, including but not limited to gasoline and travel expenses.

39. From its effective date of April 9, 2011 through June 24, 2012, the Wage Theft prevention Act required Mr. Z. to provide Diaz with notice of specified payroll data at each time wages were paid.

40. From April 9, 2011 through June 24, 2012, Mr. Z. failed to provide Diaz with notice of specified payroll data at each time wages were paid.

**Defendants Andriopoulos and Mustakas**

41. At all relevant times Andriopoulos and Mustakas was Bedasie's and Diaz's supervisor at Mr. Z.

42. At all relevant times Andriopoulos and Mustakas had the power to hire and fire employees at Mr. Z.

43. At all relevant times Andriopoulos and Mustakas supervised and controlled employee work schedules and conditions of employment at Mr. Z.

44. At all relevant times Andriopoulos and Mustakas determined the rate and method of payment for employees at Mr. Z.

45. At all relevant times Andriopoulos and Mustakas maintained employment records at Mr. Z.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF BEDASIE

46. Plaintiffs repeat and reallege all prior allegations.

47. At all relevant times, Bedasie was Defendants' "employee" and Defendants were his "employers" within the meaning of the FLSA §§ 203(d) and 203(e); and NYLL §§ 190(2) and (3), and 651(5) and (6).

48. Throughout the relevant time period, Defendants failed to pay Bedasie minimum wages, in violation of NYLL Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.1.

49. Throughout the relevant time period, Defendants failed to pay Bedasie overtime wages of not less than one and one-half (1.5) times the New York State minimum wage rate for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA § 207, NYLL Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.2.

50. Throughout the relevant time period, Defendants failed to pay Bedasie an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

51. At all relevant times Defendants failed to pay Bedasie all earned wages, reimbursements and other benefits in violation of NYLL §§ 190, *et seq.*

52. At all relevant times, Defendants failed to provide Bedasie with payroll notices as required by NYLL § 195.

53. As a result of Defendants' violations of the law and failure to pay Bedasie the required minimum wage, overtime wages, and spread of hour wages, Bedasie has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs.

54. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages, overtime wages, and spread of hours wages due to Bedasie was in compliance with the law, Bedasie is entitled to additional damages equal to one hundred percent of the total amount of wages due.

55. As Defendants failed to provide Bedasie with payroll notices as required by NYLL § 195, he is entitled to liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

56. Judgment should be entered in favor of Bedasie and against Defendants on the First Cause of Action for all minimum wages, overtime wages and spread of hours wages due, an additional award of one hundred percent of all wages due, $2,500.00 for payroll notice violations,

all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but no less than $150,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF DIAZ

57. Plaintiffs repeat and reallege all prior allegations.

58. At all relevant times, Diaz was Defendants' "employee" and Defendants were his "employers" within the meaning of the FLSA §§ 203(d) and 203(e); and NYLL §§ 190(2) and (3), and 651(5) and (6).

59. Throughout the relevant time period, Defendants failed to pay Diaz minimum wages, in violation of NYLL Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.1.

60. Throughout the relevant time period, Defendants failed to pay Diaz overtime wages of not less than one and one-half (1.5) times the New York State minimum wage rate for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA § 207, NYLL Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.2.

61. Throughout the relevant time period, Defendants failed to pay Diaz an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

62. At all relevant times Defendants failed to pay Diaz all earned wages, reimbursements and other benefits in violation of NYLL §§ 190, *et seq.*

63. At all relevant times, Defendants failed to provide Bedasie with payroll notices as required by NYLL § 195.

64. As a result of Defendants' violations of the law and failure to pay Diaz the required minimum wage, overtime wages, and spread of hour wages, Diaz has been damaged and is entitled

to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages, overtime wages, and spread of hours wages due to Diaz was in compliance with the law, Diaz is entitled to additional damages equal to one hundred percent of the total amount of wages due.

66. As Defendants failed to provide Diaz with payroll notices as required by NYLL § 195, he is entitled to liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

67. Judgment should be entered in favor of Diaz and against Defendants on the Second Cause of Action for all minimum wages, overtime wages and spread of hours wages due to him, an additional award of one hundred percent of all wages due, $2,500.00 for payroll notice violations, all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but in an amount no less than $250,000.00.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request, pursuant to FRCP 38 (b), a jury trial on all claims so triable.

**WHEREFORE** Plaintiffs are entitled to judgment against Defendants as follows:

a) Bedasie is entitled to judgment on the First Cause of Action against Defendants for all minimum wages, overtime wages and spread of hours wages due, an additional award of one hundred percent of all wages due, $2,500.00 for payroll notice violations, all

reasonable attorney fees, costs and interest, in an amount to be determined by this Court but no less than $150,000.00; and.

b) Diaz is entitled to judgment on the Second Cause of Action against Defendants for all minimum wages, overtime wages and spread of hours wages due, an additional award of one hundred percent of all wages due, $2,500.00 for payroll notice violations, all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but no less than $250,000.00;

c) Interest;

d) Costs and disbursements; and

e) Such other and further relief as is just and proper.

Dated: New York, New York
October 1, 2013

Kenneth J. Katz
Attorney for Plaintiffs
Katz Melinger PLLC
137 Fifth Avenue, 11th Floor
New York, New York 10010
212.460.0047
Kjkatz@KatzMelinger.com