UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VIJAY BEDASIE, RUDDY DIAZ,
and JOSE ROSARIO

                          Plaintiffs,

                     - against -

MR. Z TOWING, INC., FRANK
ANDRIOPOULOS,[1] and HELEN
MUSTAKAS

                          Defendants.
-------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

13 CV 5453 (CLP)

**POLLAK**, United States Magistrate Judge:

On October 2, 2013, plaintiffs Vijay Bedasie, Ruddy Diaz, and Jose Rosario (collectively, "plaintiffs") commenced this action against defendants Mr. Z Towing, Inc. ("Mr. Z"), Frank Andriopoulos,[1] and Helen Mustakas (collectively, "defendants"), seeking unpaid overtime wages, minimum wages, and spread-of-hours pay, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq. In addition, plaintiffs seek damages stemming from defendants' alleged failure to comply with the notice and record keeping requirements of the NYLL, and defendants' alleged unlawful wage deductions under the NYLL. After settlement discussions proved unsuccessful, the parties consented to proceed before the undersigned for trial.

The parties appeared before the undersigned on April 19, 2016 for a final pretrial conference. In advance of this conference, on April 18, 2016, plaintiffs filed proposed findings of

---

[1] At various points throughout both parties' submissions, Andriopoulos is spelled "Andreopoulos." For the sake of consistency and clarity, the Court will refer to this defendant exclusively as "Andriopoulos."

fact, an exhibit list, a summary of the elements of the claims, a summary of plaintiffs' alleged damages, and a pretrial memorandum of law. (See Docket Nos. 70-74). Defendants filed no corresponding documents. At the pretrial conference, the Court directed defendants to file any necessary documents by the following day, April 20, 2016.

Defendants filed their proposed findings of fact, an exhibit list, a summary of the elements of the claims, and a pretrial memorandum on April 21, 2016, one day after the deadline set by the Court. (See Docket No. 77). Presently before the Court is plaintiffs' letter dated April 22, 2016, which objects to various parts of defendants' filings.

Having reviewed the defendants' submissions and plaintiffs' objections thereto, the Court precludes defendants from introducing any of the proposed exhibits that were not produced during discovery or were not listed on the JPTO, and precludes defendants from advancing any affirmative defenses or counterclaims not raised in their original pleadings.

## FACTUAL BACKGROUND

Plaintiffs allege that they were all employed, for various periods of time, by defendant Mr. Z, a company hired by the New York City Marshals Office ("NYC Marshals")[2] to tow away certain vehicles. (Am. Compl.[3] ¶¶ 11-12, 26-27, 41). Plaintiffs Bedasie and Diaz, under the supervision of the NYC Marshals, were responsible for locating cars with outstanding parking violations and "tagging" them to be towed away by Mr. Z. (Id. ¶¶ 12, 27). Plaintiff Rosario provided security

---

[2] Although the Amended Complaint refers to the office as the "NYC City Marshals Office," the Court assumes that plaintiffs intend to refer to the NYC Marshals Office.

[3] Citations to "Am. Compl." refer to the Amended Complaint filed by plaintiffs on November 20, 2013.

2

services to Mr. Z to protect and secure towed cars and locations. (Id. ¶ 42). All three plaintiffs allege that they were supervised by defendants Andriopoulos and Mustakas, who "had the power to hire and fire employees at Mr. Z," "supervised and controlled employee work schedules and conditions of employment at Mr. Z," and "determined the rate and method of payment for employees at Mr. Z." (Id. ¶¶ 53-56). Plaintiffs allege that for the entirety of their respective employment with the defendants, they were not paid minimum wages, overtime wages, or spread of hours wages, received no wage notice statements, and were not reimbursed for certain expenses incurred in the course of their duties. (Id. ¶¶ 17-25, 32-40, 46-52).

## PROCEDURAL BACKGROUND

The parties engaged in pretrial discovery and settlement negotiations before the Honorable Marilyn D. Go. On January 19, 2016, after numerous attempts to settle this matter proved fruitless, the parties consented to proceed before the undersigned for trial. Plaintiffs filed three motions in limine to preclude the introduction of certain evidence and to preclude certain witnesses from testifying, and defendants filed one motion in limine seeking to preclude the introduction of one of plaintiffs' proposed exhibits. In a Memorandum and Order issued on April 20, 2016 (the "April 20 Order"), this Court reserved decisions as to all motions in all regards, save one.[4]

In advance of the final pretrial conference held before the undersigned on April 19, 2016, plaintiffs filed a series of pretrial submissions. Defendants failed to file anything. At the pretrial conference, the Court directed defendants to file any necessary documents by the following day, April 20, 2016. Defendants filed their proposed findings of fact, an exhibit list, a summary of the

---

[4]The Court denied plaintiffs' motion to preclude one witness from testifying.

elements of the claims, and a pretrial memorandum on April 21, 2016, one day after the deadline set by the Court. (See Docket No. 77). By letter dated April 22, 2016, plaintiffs objected to: (1) certain proposed exhibits on defendants' exhibit list, arguing that preclusion was appropriate for any documents not produced in discovery and for any documents not listed in the parties' joint pretrial order (the "JPTO"); and (2) certain statements made in defendants' pretrial memorandum that seemed to raise additional affirmative defenses and counterclaims that were not pled in defendants' Answer, arguing that defendants should be barred from raising these potential additional defenses or counterclaims at trial.

## DISCUSSION

Plaintiffs have raised objections to the admission into evidence of several of defendants' proposed exhibits, and to the introduction of new affirmative defenses and counterclaims in defendants' pretrial memorandum of law. Each objection is addressed separately below.

### I. Preclusion of Proposed Exhibits

Plaintiffs have objected to defendants' attempts to introduce into evidence seven "Calendars" (Proposed Exhibits 11-17) and one document entitled "Snow Days and Computer failure days" (Proposed Exhibit 21). (Pls. Ltr.[5] at 1). Plaintiffs argue that preclusion of these documents is appropriate because these documents were: (1) never produced during discovery; and (2) not listed in the JPTO. Both issues are considered below.

---

[5]Citations to "Pls. Ltr." refer to plaintiffs' Letter in Response to Defendants' Pretrial Submissions, filed on April 22, 2016.

4

A. Failure to Disclose Evidence in Discovery

Rule 26 of the Federal Rules of Civil Procedure requires that a party provide to the opposing party "a copy . . . of all documents, electronically stored information, . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(ii). The Rules also impose upon parties a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process. FED. R. CIV. P. 26(e). This duty is a "continuing one," and "parties must undertake efforts to ensure that discoverable information is not lost or misplaced." Gotlin v. Lederman, No. 04 CV 3736, 2009 WL 2843380, at *3 (E.D.N.Y. Sept. 1, 2009) (quoting Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 433 (S.D.N.Y. 2004)).

Under Rule 37 of the Federal Rules of Civil Procedure, trial courts have broad power to impose appropriate sanctions for parties' failure to comply with the broad disclosure regime of Rule 26. As a general rule, a party which fails to disclose necessary documents or information is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless. See FED. R. CIV. P. 37(c)(1); Triola v. Snow, No. 01 CV 1603, 2006 WL 681203, at *1 (E.D.N.Y. Mar. 15, 2006) (noting that "Rule 37 specifically identifies preclusion as a possible sanction where a party offers no substantial justification for late disclosure"). In determining whether preclusion of evidence is an appropriate remedy for failure to disclose certain evidence, courts consider the following four factors: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (analyzing whether to preclude testimony of a

witness); see also Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006) (applying the principle to documentary evidence).

Here, having weighed the Patterson facts, the Court finds that preclusion is an appropriate remedy. Defendants have offered no explanation for their failure to produce these documents at any earlier point in the litigation, despite the fact that the case has been ongoing for nearly three years. Further, in its April 20 Order, this Court has already noted that the "Calendars" raise significant hearsay concerns (see April 20 Order at 9-10), thus limiting the importance they could have at trial.[6] Upon review of Proposed Exhibit 21, the Court notes that the "Snow Day and Computer failure days" presents similar hearsay concerns as were previously discussed in the April 20 Order.[7] Introduction of the "Calendars" or the snow day log at this late stage would further prejudice the plaintiffs, forcing them to respond to new evidence on the eve of trial. Finally, the Court is unwilling to continue the trial — scheduled to begin in just a few days — to accommodate defendants' late production.

Accordingly, the Court finds that the Patterson factors strongly support preclusion of Proposed Exhibits 11-17 and Proposed Exhibit 21, and grants plaintiffs' request to preclude defendants from introducing these materials at trial.

B. Failure to Include Evidence in Pretrial Order

Even if this Court were to excuse defendants' failure to produce Proposed Exhibits 11-17

---

[6]Indeed, upon review of Proposed Exhibits 11-17, the Court can find no indication as to when or by whom the "Calendars" were created, further suggesting that defendants will be unable to lay the proper foundation for their admission at trial.

[7]This Proposed Exhibit appears to be a series of email communications from unidentified individuals stating days on which defendant Mr. Z cancelled all employees' schedules.

and Proposed Exhibit 21 during the course of discovery, plaintiffs argue that preclusion of these documents would still be appropriate because of defendants' failure to list these documents as potential exhibits in the JPTO. (Pls. Ltr. at 1).

It is well established that "[t]he trial judge has broad discretion to exclude evidence not properly identified in the pretrial order." Purpura v. Pizzurro, No. 10 CV 1146, 2011 WL 3511052, at *1 (E.D.N.Y. Aug. 10, 2011) (internal quotations omitted). Courts will only admit such evidence under narrow circumstances, such as when the nondisclosing party acted in good faith or the delay was only slight. See, e.g., Mi-Kyung Cho v. Young Bin Café, No. 10 CV 3785, 2013 WL 656468, at *5 (S.D.N.Y. Feb. 22, 2013) (denying motion to preclude where an exhibit's omission from the pretrial order was a mistake; counsel acted diligently to inform the court and the opposing party; and the corrected pretrial order was filed just three days after the erroneous one).

Here, the parties filed the JPTO on August 25, 2015, after which it was endorsed on October 28, 2015 by the Honorable Carol B. Amon, who was presiding over the case at the time. In the eight months since the parties filed the JPTO, defendants have not indicated any intent to offer the "Calendars" or "Snow Day and Computer failure days" into evidence, perhaps because Judge Amon had already determined that they constituted hearsay. Whatever the case, defendants have made no showing that they have acted in good faith, nor have they acted with any diligence over the last eight months to remedy plaintiffs' justifiable understanding that the JPTO contained all of the documents that would be relevant for trial. Particularly in light of the prejudice to plaintiffs as described supra, Section I(A), the Court is unwilling to excuse this failure to comply with the Court's rules that require a complete and final pretrial order.

Accordingly, the Court grants plaintiffs' request to preclude defendants' Proposed Exhibits 11-17 and Proposed Exhibit 21 at trial due to defendants' failure to include these documents in the

JPTO.

II. Preclusion of Additional Defenses/Counterclaims

Plaintiffs also have objected to defendants' assertion that plaintiffs are not entitled to any damages "based upon the theory of quantum meruit and unjust enrichment . . . ." (Defs. Mem.[8] at 11). Plaintiffs argue that to the extent that defendants' use of these terms indicates an attempt to assert a counterclaim or additional defense not previously raised in the Answer or in any prior court filings, defendants may not raise them now. (Pls. Ltr. at 2).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] party must affirmatively state any . . . affirmative defense" in responding to any pleading. FED. R. CIV. P. 8(c). One of the core purposes of this requirement is " to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice." Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003). Thus, barring exceptional circumstances, failure to include an affirmative defense in a responsive pleading "results in 'the waiver of that defense and its exclusion from the case.'" Columbia Artists Mgmt., LLC v. Alvarez, No. 08 CV 11254, 2010 WL 5396097, at *5 (S.D.N.Y. Dec. 23, 2010) (quoting Satchell v. Dilworth, 745 F.2d 781, 784 (2d Cir. 1984)). Courts may, however, allow untimely affirmative defenses or counterclaims to be raised where "the plaintiffs [a]re not prejudiced, the defenses d[o] not involve questions of fact, or strong public policy considerations of judicial economy favor[] the court's consideration of the issue." Id. at *6.

Having reviewed the Amended Answer filed by defendants on February 27, 2015, it is clear that no affirmative defense or counterclaim of "quantum meruit and unjust enrichment" was ever

---

[8]Citations to "Defs. Mem." refer to Defendants' Pretrial Memorandum of Law, filed on April 21, 2016.

8

raised. As discussed above, the Court finds that plaintiffs would be severely prejudiced by the last-minute inclusion of an additional affirmative defense or counterclaim, particularly one that would require the extensive factual discovery implicated in a claim of quantum meruit.

Accordingly, the Court grants plaintiffs' request to preclude defendants from raising either quantum meruit or unjust enrichment as an affirmative defense or counterclaim at trial.

## CONCLUSION

For the reasons set forth above, the Court grants plaintiffs' request in its entirety: defendants may not introduce into evidence any extraneous documents not contained in the JPTO or any documents not produced during discovery, nor may the defendants advance any affirmative defenses or counterclaims not pled in the Amended Answer.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 29, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York