UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VIJAY BEDASIE *et al.*,

                    Plaintiffs,

        -against-

MR. Z TOWING, INC. *et al.*,

                    Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13 CV 5453 (CLP)

**POLLAK**, United States Magistrate Judge:

    Currently before the Court is the parties' joint motion to approve the settlement in this wage and hour case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 650 *et seq.* As explained more fully below, the Court held a fairness hearing on January 5, 2018 and concludes that the proposed settlement is fair and reasonable based on the parties' submissions and the Court's familiarity with this case acquired through extensive involvement in the litigation over the past four years.

    The parties' motion to approve the settlement is therefore granted.

## BACKGROUND

    This case has an extensive background extending over four years of litigation, with which the Court assumes familiarity. See generally Bedasie v. Mr. Z Towing, Inc., No. 13 CV 5453, 2017 WL 1135727 (E.D.N.Y. Mar. 24, 2017); Bedasie v. Mr. Z Towing, Inc., No. 13 CV 5453, 2017 WL 5665858 (E.D.N.Y. Nov. 27, 2017); Bedasie v. Mr. Z Towing, Inc., No. 17-2922, 2017 WL 6520477 (2d Cir. Dec. 4, 2017); Bedasie v. Mr. Z Towing, Inc., No. 13 CV 5453, 2017 WL 6816331 (E.D.N.Y. Dec. 21, 2017).

1

On December 22, 2017, the parties filed their joint motion for approval of the settlement agreement. (See Mot. for Approval, Dec. 22, 2017, ECF No. 107). Defendants filed a notice of appeal with respect to the Court's November 27, 2017 Order awarding attorneys' fees and the Court's December 21, 2017 Order granting the motion to reduce the damages award. (See Not. of Appeal, Dec. 26, 2017, ECF No. 108). The parties subsequently filed a stipulation to withdraw the appeal under Second Circuit Local Rule 42.1, which was "so ordered" by the Second Circuit Court of Appeals. (See Ct. of Appeals Order, Jan. 3, 2018, ECF No. 110).[1] The Court held a fairness hearing on January 5, 2018. (See Minute Entry, ECF No. 112).

## DISCUSSION

### A. Legal Standard

"[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the Second Circuit has held that the FLSA is an "applicable federal statute" that precludes voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure absent court order, and therefore FLSA settlements must be approved by the court or the Department of Labor. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015).

---

[1] As the Court has previously explained, such a stipulation that is entered as the Order of the appellate court serves as an exception to the general rule that jurisdiction returns to the district court only upon entry of a mandate; a contrary decision would undermine one of the Local Rule's primary goals of encouraging settlement. See Bedasie v. Mr. Z Towing, Inc., 2017 WL 6816331, at *3-4 (explaining more fully the basis, in the context of so-ordered stipulations under Second Circuit Local Rule 42.1, for the trial court's exercise of jurisdiction prior to issuance of the mandate), ECF No. 106.

2

In deciding whether to approve a settlement, "courts must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by the employer's overreaching." Mosquera v. Masada Auto Sales, Ltd., No. 09 CV 4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (citation omitted). The fundamental inquiry is whether the settlement's terms are fair and reasonable under the circumstances. In conducting that inquiry, courts consider the totality of the circumstances, which generally include a review of the following factors: (1) the range of plaintiff's possible recovery; (2) the extent to which the proposed settlement will allow the parties to avoid anticipated burdens and expenses associated with further litigation; (3) the seriousness of the risks faced by the parties if they continue to litigate; (4) whether the settlement is the product of arm's-length negotiation between counsel, including whether a neutral mediator facilitated the proposed settlement; and (5) the possibility of fraud or collusion. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335; see also Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08 CV 4377, 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010) (identifying nine factors).

Where the settlement provides for payment of attorneys' fees, the court must also determine the reasonableness of the proposed fee award. See 29 U.S.C. § 216(b) (providing that "[t]he Court . . . *shall*, in addition to any judgment . . . allow a *reasonable* attorney's fee") (emphasis added); Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 336 (collecting cases). However, "there is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation." Misiewicz v. D'Onofrio Gen. Contractors Corp., 2010 WL 2545439, at *5.

**B. Analysis**

1. The Proposed Settlement Agreement

The proposed settlement agreement (the "Agreement") provides for a total payment of $225,000, of which $101,105.15 is allocated among the individual plaintiffs, and the remainder is dedicated to attorneys' fees and costs. (See Mot. for Approval at 2; see generally Settlement Agreement, Dec. 22, 2017, ECF No. 107-1). The settlement will be paid out over the course of approximately 21 months, with a significant initial payment of $112,000, of which more than $72,000 is directed to plaintiffs, with the remainder to their counsel. (See Mot. for Approval at 2 n.1; Settlement Agreement ¶ 2(a)). The majority of attorneys' fees—approximately $70,000—will not be paid to plaintiffs' attorneys until after plaintiffs themselves have received their full compensation under the Agreement.

2. Application of the Factors

Although the Court previously determined that plaintiffs are entitled to damages in the amount of $109,461.58, see Bedasie v. Mr. Z Towing, Inc., 2017 WL 6816331, at *6, ECF No. 106, that does not mean that the range of plaintiffs' possible recovery is certain in this case. Defendants have appealed, which, after further delay and further proceedings, could result in a lower damages award, and there may be issues with collection of the award in any event. Most important, the reduction in the amount plaintiffs will receive under the Agreement is minimal. As the parties observe, plaintiffs will receive the full amount of the wages and liquidated damages previously awarded by the Court; the only element of damages for which they are not receiving full payment is prejudgment interest. That minimal reduction of approximately $3,000 each is utterly reasonable in light of the potential for delay, further expense, and litigation risks

4

that would result if the case were to continue on appeal.[2]

The reasonableness of the Agreement is also borne out by the fact that the primary difference between what the Court ordered in total damages results from the substantial reduction to the plaintiffs' attorneys' fees. That plaintiffs' attorneys have agreed to such a substantial reduction—and to receiving most of their share after their clients have been fully paid—is laudable and further demonstrates the fairness of the Agreement.

The Agreement does contain a general release provision, which often causes courts to scrutinize settlements more closely. The provision at issue here, however, is a mutual release, which reduces the concern. More importantly, the plaintiffs have not been employees of or had other business with the defendants in over four years, so there is little chance that plaintiffs might have been pressured into waiving other valuable and meritorious claims against the defendants. Any such risk is greatly offset by the additional $13,000 that the defendants offered in exchange for the mutual general release and the repose it provides to both sides.

Two other details warrant mention. First, the parties reached the Agreement only after they participated in mediation as part of the Second Circuit's Civil Appeals Mediation Program ("CAMP"). See 2d Cir. L. R. 33.1. Participation in that program further demonstrates that the Agreement is the product of arm's-length negotiation and greatly reduces the possibility of fraud or collusion. Second, plaintiffs' counsel specifically avers that he has reviewed defendants'

---

[2] Even if the reduction were questionable, it is not clear that the requirement of court approval set forth in Cheeks would apply where, as here, the only element of damages that reflects a compromise payment is prejudgment interest. Prejudgment interest is not available under the FLSA, but instead was awarded only for claims under the NYLL that did not overlap with the FLSA claims. See 2017 WL 6816331, at *4-5. Cheeks determined that the FLSA is an "applicable federal statute" that precludes voluntary dismissal without a court order under Rule 41. See 796 F.3d at 206. Neither Cheeks nor Rule 41, however, appears to contemplate that state law might preclude voluntary dismissal. See id.; Fed. R. Civ. P. 41(a)(1)(A) (providing that voluntary dismissal is subject to "any applicable *federal* statute") (emphasis added).

5

financial records and that such records support both defendants' claims that paying the full amount of judgment immediately would compromise their ability to continue in business and substantiate defendants' earlier suggestion that they would be forced to contemplate bankruptcy if judgment were to enter for the full amount determined by the Court. (See Mot. for Approval at 2 n.3). The potential for protracted bankruptcy proceedings, in conjunction with the substantial up-front payment contemplated by the Agreement, greatly increases the value of the Agreement to the plaintiffs.

## CONCLUSION

For the reasons set forth above, and based on its extensive involvement throughout the course of this litigation, the Court finds the parties' proposed Settlement Agreement to be fair and reasonable. The parties' joint motion to approve settlement is therefore granted in its entirety.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 9, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York